FILED
2012 Nov-29  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **CRAIG L. HOLCOMB and**<br>**CRYSTAL R. HOLCOMB,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | ) **Civil Action No:** _____ <br> ) |
| **JPMORGAN CHASE BANK,** | ) <br> ) |
| **Defendant.** | ) |

## COMPLAINT

This is an action brought by Plaintiffs, Craig L. Holcomb and Crystal R. Holcomb (hereinafter referred to collectively as "Plaintiffs"), for actual and statutory damages, attorneys' fees, and costs for Defendant, JPMorgan Chase Bank's violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, (hereinafter "FCRA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (hereinafter "RESPA"). Plaintiffs also seek compensatory and punitive damages for Defendant's violations of Alabama state law set forth herein.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681(p), 12 U.S.C. § 2614, and 28 U.S.C. § 1331, 1332, and 1367.

2.    Jurisdiction of this Court for the pendent claims is authorized by F. R. Civ. P. 18(a).

3.    Venue is proper in that Defendant transacts business in DeKalb County, Alabama, and Plaintiffs reside in DeKalb County, Alabama.

## PARTIES

4.    Plaintiff, Craig L. Holcomb, is an individual consumer resident and citizen of the State of Alabama, and is over the age of twenty-one (21) years. Plaintiff, Craig L. Holcomb is a resident of Fort Payne in DeKalb County, Alabama.

5.    Plaintiff, Crystal R. Holcomb, is an individual consumer resident and citizen of the State of Alabama, and is over the age of twenty-one (21) years. Plaintiff, Crystal R. Holcomb is a resident of Fort Payne in DeKalb County, Alabama.

6.    Defendant, JPMorgan Chase Bank (hereinafter referred to as "Chase" or "Defendant") whose correct corporate status is unknown to Plaintiffs at this time, was, at all times relevant herein, conducting business in DeKalb County, Alabama.

7.    Chase is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6). Further, Chase is engaged in the debt collection business. Chase's

principal purpose is to collect debts using the mail and telephone. Chase regularly attempts to collect debts alleged to be due to them.

## FACTUAL ALLEGATIONS

8. Plaintiffs are the owners and mortgagors of real property located in DeKalb County, Alabama known as 2102 Prestwood Avenue NW, Fort Payne, Alabama 35967 (hereinafter referred to as "property").

9. On April 20, 2001, Plaintiffs' purchased the aforementioned property and executed a Note and Mortgage to First Lenders Mortgage Corporation (hereinafter "First Lenders").

10. Sometime thereafter, First Lenders allegedly transferred the above referenced Note and Mortgage to Chase.

11. In or about June 2006, Plaintiffs filed separate Chapter 13 bankruptcies. Craig's action was styled *BR-06-40899* and Crystal's was styled *BR-06-40897*. The mortgage loan and its arrearages were included in the bankruptcies.

12. Crystal's bankruptcy was discharged in or around April 2010, while Craig's was discharged in or around October 2011.

13. Plaintiffs aver that all bankruptcy payments were made and applied to their listed creditors.

14.   On or about November 1, 2011, Plaintiffs received their normal monthly statement from Chase indicating that they owed $615.39.

15.   Plaintiffs aver that they timely made their November payment as indicated by the above mentioned November 1st statement and have timely made all monthly mortgage payments through the filing of this action.

16.   However, on or about November 16, 2011, Plaintiffs received a letter from Chase stating that they owed $1,230.78 and that $514.38 was in suspense. Additionally, Plaintiffs received a second letter indicating they owed $1,345.98.

17.   Upon receipt of these letters, Plaintiffs contacted Chase to get clarification to the confusing, conflicting and inaccurate correspondence. Plaintiffs were informed that it appeared they were behind on their mortgage loan and that they should pay the default to bring their loan current. Plaintiffs disputed they were in default, but such disputes fell upon deaf ears.

18.   On or about November 30, 2011, Plaintiffs wrote Chase indicating that they would like to have their mortgage bill corrected. Plaintiffs stated that all arrearage payments were paid in bankruptcy and that they have not missed or been late on any payments.

19.   Additionally, Plaintiffs disputed the amounts claimed to be owed by them, requested an explanation of all late fees, requested an accounting of all alleged late fees, credits and debits on the loan, and that they would continue to pay their normal monthly payment until shown the accounting or the reasons for the alleged extra fees.

20.   Plaintiffs aver they have never received a response to the aforementioned letter.

21.   Further, Plaintiffs aver that Chase began negatively reporting to the national credit bureaus of the alleged mortgage delinquency. Additionally, such negative reporting continues through the filing of this action and upon information and belief Chase has done nothing to correct such inaccurate negative reporting.

22.   Moreover, Plaintiffs aver they began receiving calls at all times of the day and night in an attempt to collect this alleged debt. During such calls, Plaintiffs have informed Chase representatives that they do not owe any late fees or anything above and beyond their normal monthly mortgage payments, to cease all collection calls, that they dispute the sums sought, and to stop all negative reporting of such alleged delinquency.

23.     Further, Plaintiffs have independently contacted Chase and disputed the sums sought and requested among other things an itemization of the amounts financed and the credits and debits related to their mortgage account. Plaintiffs further have requested that Chase retract all negative credit reporting of the account.

24.     However, Chase consistently sends Plaintiff default notices and multiple misleading monthly statements demanding large sums to bring their loan current which includes late fees and delinquency related charges.

25.     Plaintiffs aver they have not received any documentation from Chase of the itemizations requested or additional documents requested evidencing and/or indicating they are responsible for the indebtedness as alleged by Chase.

26.     Further, Chase continues to represent to the national credit bureaus and other third parties that Plaintiffs' mortgage loan is a negative account and that Plaintiffs are in default on their mortgage payment.

27.     The alleged debt was primarily for personal, family, or household purposes.

## COUNT I
## REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

28.  Plaintiffs adopt and incorporate Paragraphs 1 through 27 as if fully set forth herein.

29.  After Craig's discharge from bankruptcy, Chase claimed that Plaintiffs were delinquent on their mortgage loan. Chase's assertions were neither true, accurate, nor the responsibility of Plaintiffs.

30.  Thus, Chase began sending multiple monthly statements regarding Plaintiffs' mortgage payments which were inaccurate, confusing, conflicting and based on ungrounded calculation figures.

31.  Plaintiffs have disputed any delinquency and/or late fees associated with their account and the negative credit reporting in their November 30, 2011 letter and/or numerous times during conversations with Chase representatives. Additionally, Plaintiffs have requested itemizations of the account and additional information related to the account.

32.  Plaintiffs aver that they have yet to receive any of the documents and/or explanations requested in their November 30, 2012 letter and/or conversations with Chase.

33.  Further, Chase, throughout the relevant times described herein, have reported to the national credit bureaus Plaintiffs' mortgage loan as a negative account and associated Plaintiffs with a serious delinquency

that Plaintiffs aver is not owed by them. As a result, Plaintiffs have experienced credit denials based upon the inaccurate reporting.

34.   The incorrect and damaging default calculations, unapplied cash amounts, past due amounts, delinquency related expenses, suspense amounts and inaccurate and defamatory reporting resulting therefrom, continue through the filing of this complaint.

35.   Conflicting, confusion and inaccurate monthly mortgage statements continue through the filing of this action. Further, Plaintiffs are unaware where and to what their consistent and timely monthly mortgage payments are going and/or being applied.

36.   Plaintiffs have suffered extreme financial losses as a result of Chase's conduct including the loss of credit opportunities, loss of cash flow, loss of credit availability, loss of credit worthiness, credit denials, and other damages associated with the damaging information related to Chase's conduct associated with the mortgage loan made the basis of this action.

37.   As a further result of Chase's conduct, Plaintiffs have been caused to suffer out of pocket expenses in an effort to correct the issues surrounding their mortgage loan and to attempt to correct the defamatory credit reporting associated with their actions. Further,

Plaintiffs have suffered depression, humiliation, fear, embarrassment, anxiety, stress, anger, physical malaise (including loss of appetite, nausea, stress, headaches, loss of sleep, loss of energy, extreme irritability and physical illness), the loss of financial independence and mental anguish.

38.   Chase's conduct violates the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d
### Harassment or Abuse

39.   Plaintiffs adopt and incorporate Paragraphs 1 through 38 as if fully set forth herein.

40.   15 U.S.C. § 1692d prohibits Chase from engaging in "any conduct the consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

41.   Chase reporting negative credit references to credit bureaus and demanding payment of a debt amount not due constitutes harassment, oppression, and abuse of the Plaintiffs.

42.   Chase knowingly reporting to credit bureaus of a negative credit reference and continued attempts to collect a debt amount not due

and/or inaccurate is harassing, oppressing, and abusing toward the Plaintiffs.

43.    Chase's violations of 15 U.S.C. § 1692d render them liable for damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692K.

## COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(2)
**Falsely representing the character, amount, or legal status of any debt.**

44.    Plaintiffs adopt and incorporate Paragraphs 1 through 43 as if fully set forth herein.

45.    15 U.S.C. § 1692e(2)(A) prohibits debt collectors from using false representations as to the character, amount, or legal status of any debt.

46.    Chase violated this portion of the FDCPA by reporting a negative credit reference to credit bureaus and attempting to collect a debt amount not due and/or which was inaccurate.

47.    Chase's violations, of 15 U.S.C. § 1692e(2)(A) render them liable for damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C.§ 1692k.

## COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(10)
**The use of false representation or deceptive means to collect or attempt to collect any debt.**

48.   Plaintiffs adopt and incorporate Paragraphs 1 through 47 as if fully set forth herein.

49.   15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

50.   Chase violated § 1692e(10) by reporting a negative credit reference to credit bureaus and attempting to collect a debt amount not due and/or which was inaccurate constitutes a false representation or deceptive means to collect or attempt to collect a debt.

51.   Chase's violations of 15 U.S.C. § 1692e(10) render them liable for damages, statutory damages, costs, and reasonable attorney fees. 15 U.S.C. § 1692k.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692f
### Unfair practices

52.   Plaintiffs adopt and incorporate Paragraphs 1 through 51 as if fully set forth herein.

53.   15 U.S.C. § 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

54.   Chase violated § 1692f by reporting a negative credit reference to credit bureaus and attempting to collect a debt amount not due and/or which is based on inaccurate calculations.

55.   The actions of Chase constitute either unfair or unconscionable means.

56.   Chase's violations of 15 U.S.C. § 1692f renders them liable for damages, statutory damages, costs, and reasonable attorney fees.

## COUNT VI
## FAIR CREDIT REPORTING ACT

57.   Plaintiffs adopt and incorporate Paragraphs 1 through 56 as if fully set forth herein.

58.   The acts and omissions of the Chase alleged herein are in violation of the FCRA which requires Chase to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiffs' credit files and which requires Chase to conduct reasonable investigations of disputed information once consumers, such as Plaintiffs, advise of a dispute.

59.   Plaintiffs further allege that Chase failed to conduct reasonable investigations into Plaintiffs' disputes and failed to retract, delete and/or suppress erroneous, false, damaging, misleading, or inaccurate information from Plaintiffs' credit file.

60.   Despite Plaintiffs' disputes and in direct violation of the FCRA, Chase failed to correct inaccurate, erroneous, and defamatory information on Plaintiffs' credit reports.

61.  Chase negligently and/or willfully failed to comply with the requirements of the FCRA.

62.  Chase violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation after receiving notice that the Plaintiffs disputed the information Chase provided to the consumer reporting agencies.

63.  Chase violated 15 U.S.C. § 1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by each consumer reporting agency.

64.  Chase violated 15 U.S.C. § 1681s-2(b)(2) by failing to complete all investigations, reviews, and reports required under § 1681s-2(b)(1) within thirty (30) days.

65.  Chase violated 15 U.S.C. § 1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to the consumer reporting agencies.

66.  Chase violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the accounts were inaccurate, incomplete, false and/or misleading.

67.  As a result of the above mentioned conduct, Plaintiffs suffered the damages set out in Paragraphs 36 and 37 above, which are incorporated herein by reference. Further, as a result of the willful

and/or reckless disregard for the Plaintiffs' rights, Chase is liable for punitive damages.

**COUNT VII**
**NEGLIGENT, RECKLESS and/or WANTON CONDUCT**

68.    Plaintiffs adopt and incorporate Paragraphs 1 through 67 as if fully set forth herein.

69.    Chase negligently, recklessly, and/or wantonly failed to properly handle Plaintiffs' complaints of inaccurate calculations, statements, billings, late fees, unapplied cash amounts and suspense amounts, so that matters could be resolved without undue hardship, burden or damages to Plaintiffs.

70.    Chase negligently, recklessly and/or wantonly mailed and communicated conflicting, inaccurate, and confusing communications, correspondence, and statements to Plaintiffs, making it impossible for Plaintiffs to make accurate payments and/or understand the status of their mortgage loan so as to handle issues, complaints or make inquiries associated with their mortgage.

71.    Chase negligently, recklessly and/or wantonly failed to properly investigate and resolve Plaintiffs' claims regarding past due amounts, balances, late fees, suspense amounts, unapplied funds, billing errors and to limit any damage caused to Plaintiffs as result.

72. Chase negligently, recklessly and/or wantonly failed to provide Plaintiffs with an itemization of all credits, debits and/or charges associated with the mortgage and/or loan. Additionally, Chase negligently, recklessly, and/or wantonly failed to respond to Plaintiffs' November 30, 2011 inquiry.

73. Chase negligently, recklessly and/or wantonly failed to make certain that the information concerning Plaintiffs which they disseminated to others (including the credit bureaus and those credit grantors and businesses likely to use the information provided to those bureaus) was not false, misleading, damaging and/or did not subject Plaintiffs to unwarranted, inaccurate or defamatory credit information.

74. As a proximate result of Chase's negligent, reckless and/or wanton conduct, Plaintiffs have suffered the damages set out in Paragraphs 36 and 37 above, which Plaintiffs seek compensatory and punitive damages

**COUNT VIII**
**NEGLIGENT, RECKLESS, AND/OR WANTON**
**TRAINING AND/OR SUPERVISION**

75. Plaintiffs adopt and incorporate Paragraphs 1 through 74 as if fully set forth herein.

76.    Chase failed to train and/or supervise its employees in the various departments, which communicated and/or failed to communicate with Plaintiffs, to avoid the conduct and actions and to properly train and/or supervise its employees to prevent the circumstances and scenarios set out in the counts above and hereafter contained in this complaint.

77.    As a proximate result of the negligent, reckless and/or wanton training and/or supervision, Plaintiffs have suffered the damages set out in Paragraphs 36 and 37 above, which Plaintiffs seek compensatory and punitive damages.

## COUNT IX
## PLACED IN A FALSE LIGHT

78.    Plaintiffs adopt and incorporate Paragraphs 1 through 77 as if fully set forth herein.

79.    Chase negligently, willfully, recklessly, and/or maliciously published and communicated false and defamatory information about Plaintiffs, their credit and their credit worthiness, which resulted in Plaintiffs being unreasonably placed in a false light.

80.    The conduct of Chase was objectionable and highly offensive to Plaintiffs and to any reasonable person in that it infers that they had and/or have a serious delinquent mortgage and are not credit worthy.

81.    As a proximate result of Chase placing Plaintiffs in a false light, Plaintiffs have suffered the damages as set out in Paragraphs 36 and 37 above, which Plaintiffs seek compensatory and punitive damages.

## COUNT X
## INVASION OF PRIVACY

82.    Plaintiffs adopt and incorporate Paragraphs 1 through 81 as if fully set forth herein.

83.    Chase undertook and/or directed a series of harassing and/or abusive communications to Plaintiffs and reported false and derogatory credit information to various credit bureaus, constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.

84.    Said communications were systematic and continuous in number and made in disregard of Plaintiffs' right to privacy after their repeated communications disputing the debt amount and the inaccurate calculations. Said communications were made to force, coerce, harass, embarrass and/or humiliate Plaintiffs into paying a delinquent debt amount they did not owe.

85.    Said invasions were intentional, willful, reckless, and/or malicious and violated Plaintiffs' privacy.

86. Said communications constitute the wrongful intrusion into the Plaintiffs' private matters and activities, and an intrusion into Plaintiffs' solitude and seclusion.

87. As a proximate result of Chase's invasion into Plaintiffs' privacy, Plaintiffs suffered the damages set out in Paragraphs 36 and 37 above, for which Plaintiffs seek compensatory and punitive damages.

## COUNT XI
## DEFAMATION, LIBEL AND SLANDER

88. Plaintiffs adopt and incorporate Paragraphs 1 through 87 as if fully set forth herein.

89. Chase negligently, willfully and/or maliciously published and communicated false and defamatory statements regarding Plaintiffs to the national credit providers, business community, and public generally. Said information was false in that it associated Plaintiffs with a mortgage loan delinquency which was false, inaccurate and not owed by them.

90. At the time said communications were made, Chase knew, or should have known the falsity of the communications or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

91. Said communications were oral and/or written.

92.  As a proximate result of Chase's defamatory, libelous and/or slanderous communications, Plaintiffs suffered the damages set out in Paragraphs 36 and 37 above, for which Plaintiffs seek compensatory and punitive damages.

### **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand a judgment against Chase as follows:

A. Declaratory judgment that Chase violated RESPA, FDCPA, and FCRA;

B. Compensatory and punitive damages from Chase for their violations of RESPA, FDCPA, and RESPA;

C. Actual and/or statutory damages from Chase pursuant to RESPA, FDCPA, and FCRA;

D. Costs and reasonable attorneys' fees from Chase pursuant to RESPA, FDCPA, and FCRA;

E. Compensatory and punitive damages, costs and attorneys' fees against Chase for the Plaintiffs' state law claims in an amount to be determined by a jury.

F. Such other and further legal and equitable relief as this Court may deem just and proper.

Respectfully submitted before this Court,

Vincent F. Saylor (asb-7638-i65s)
Attorney for Plaintiffs

OF COUNSEL:
GATHINGS LAW
2204 Lakeshore Drive, Suite 406
Birmingham, Alabama 35209
Phone: 205-322-1201
Fax: 205-322-1202
vsaylor@gathingslaw.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

**Please Serve Defendant via Certified Mail:**

**JPMorgan Chase Bank**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

OF COUNSEL